UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DIAMOND ALLEN,

    Plaintiff,

v.                                                 Case No. 1:23cv200-AW-HTC

OFFICER T. COLLINS,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Diamond Allen, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 relating to the loss of his property at Cross City Correctional Institution ("CCCI"). ECF Doc. 11. After reviewing the amended complaint, the undersigned concludes it fails to state a due process claim, as Florida law provides Plaintiff with an adequate post-deprivation remedy for the loss of his property. In addition, the Court has already given Plaintiff an opportunity to amend the complaint and specifically advised him in a previous order he could not pursue a constitutional claim based on the lost property. Plaintiff's amended complaint, however, alleges basically the same facts but cites to different, inapplicable constitutional provisions. Thus, this case should be dismissed with prejudice.

## I. Background

Plaintiff's amended complaint names Officer T. Collins as the only Defendant. ECF Doc. 11 at 1-2. The amended complaint contains the following factual allegations, which are accepted as true for purposes of this Report and Recommendation.

In May 2023, Plaintiff and his cellmate were removed from their cell and taken to confinement. Defendant Officer Collins was responsible for packing up the property Plaintiff and his cellmate left behind in their cell. However, because Collins failed to pack the property correctly, Plaintiff lost his legal mail and other items.

Based on the foregoing, Plaintiff suggests his Sixth and Thirteenth Amendment rights were violated by Collins' failure to return all his property. As relief, Plaintiff requests damages for the legal mail that was lost.

## II. Legal Standard

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from a government employee, the Court must dismiss his amended complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  The Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth.  *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III.   Discussion**

    **A.   Sixth and Thirteenth Amendments**

Plaintiff now suggests Defendant Collins' failure to return all of his property violated the Sixth and Thirteenth Amendments, perhaps because the Court previously advised Plaintiff he could not pursue a due process claim.  However, the Sixth Amendment describes the rights of defendants in criminal prosecutions, and the Thirteenth Amendment abolishes slavery.  Neither amendment provides Plaintiff with a basis for relief for a lost property claim.  Thus, Plaintiff has failed to state a claim under the Sixth and Thirteenth Amendments.

    **B.   Fourteenth Amendment**

Although Plaintiff does not reference the Fourteenth Amendment in his amended complaint, it is the constitutional provision most relevant to his claim.  *Cf. Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009) ("A complaint of continued retention of legally seized property raises an issue of procedural due process under the Fourteenth Amendment[.]").  However, "an unauthorized intentional deprivation

of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."[1] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Florida offers such a remedy, as it has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property. Fla. Stat. § 768.28(1); *see also Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (concluding Florida law provided adequate post-deprivation remedy because individuals can sue state officials for the conversion of their personal property). Plaintiff, therefore, cannot state a Fourteenth Amendment claim based on Defendant Collins' failure to return all his property.[2]

## IV. Conclusion

After Plaintiff filed his original complaint, ECF Doc. 1, the Court issued an order which described the applicable legal standards, advised Plaintiff the complaint failed to state a claim, and gave Plaintiff an opportunity to submit an amended

---

[1] Plaintiff cannot state a substantive due process claim because property interests, which are created and defined by state law rather than the Constitution, are not "fundamental rights" entitled to substantive due process protection. *See Greenbriar Village L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1263 (11th Cir. 2003) ("non-legislative deprivations of state-created rights … cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrary and irrationally") (citation omitted).

[2] Although Plaintiff alleges the lost property included legal mail, he has not stated an access to the courts claim because he has not alleged the loss impeded his "pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.").

Case No. 1:23cv200-AW-HTC

complaint, ECF Doc. 9.  Plaintiff's amended complaint, however, continues to fail state a claim—namely, because Florida provides Plaintiff with an adequate state law remedy for the loss of his property, he cannot maintain a procedural due process claim.  Because Plaintiff has failed to cure the deficiencies identified in the original complaint through amendment, this case should be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 945-46 (11th Cir. 2015) ("A *pro se* litigant must be given at least one opportunity to amend his complaint before the court dismisses the action with prejudice if it appears that a more carefully drafted pleading would state a claim upon which relief could be granted.").

Accordingly, it is RECOMMENDED:

1.  That this case be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim on which relief may be granted.

2.  That the clerk close the file.

At Pensacola, Florida, this 10th day of October, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.